AO 245B    (Rev. 03/06) Judgment in a Criminal Case
           Sheet 1

# UNITED STATES DISTRICT COURT
## Southern District of Illinois

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | |
| CASEY J. CARSON | Case Number: 3:06CR30135-001-GPM |
| | USM Number: 40881-039 |
| | Grant Shostak |
| | Defendant's Attorney |

**THE DEFENDANT:**

☒ pleaded guilty to count(s)   1 & 2 of the Indictment

☐ pleaded nolo contendere to count(s) _____
   which was accepted by the court.

☐ was found guilty on count(s) _____
   after a plea of not guilty.

FILED
AUG 13 2007
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
BENTON OFFICE

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC 2423(a) and (e) | Conspiracy to transport a child in interstate commerce for illegal sexual activity | 3/1/2006 | 1 |
| 18 USC 2423(b), and 2 | Traveling in interstate commerce for the purpose of engaging in illicit sexual conduct | 12/28/2005 | 2 |

The defendant is sentenced as provided in pages 2 through __7__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

August 13, 2007
Date of Imposition of Judgment

_(signature)_
Signature of Judge

Hon. G. Patrick Murphy, Chief, U. S. District Judge
Name and Title of Judge

08/13/07
Date

Judgment — Page __2__ of _____

DEFENDANT: CASEY J. CARSON
CASE NUMBER: 3:06CR30135-001-GPM

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

**540 TOTAL MONTHS.** This term consists of 360 months on Ct. 1, and 180 months on Ct. 2, to run consecutive to the term imposed on Ct. 1.

☒ The court makes the following recommendations to the Bureau of Prisons:

That defendant be housed as close to his family in Dellroy, Ohio as possible.

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____ .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered _____ to _____

a _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 03/06) Judgment in a Criminal Case
Sheet 3 — Supervised Release

Judgment—Page 3 of ____

DEFENDANT: CASEY J. CARSON
CASE NUMBER: 3:06CR30135-001-GPM

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

**LIFE.** All counts shall run concurrently.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days after being released on supervision and at least two periodic drug tests thereafter, not to exceed 52 tests in a one year period.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☒ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Judgment—Page __4__ of _____

DEFENDANT: CASEY J. CARSON
CASE NUMBER: 3:06CR30135-001-GPM

# SPECIAL CONDITIONS OF SUPERVISION

Defendant shall pay any financial penalty that is imposed by this Judgment and that remains unpaid at the time of supervised release.

While incarcerated and/or while on supervised release, defendant shall participate in an approved sexual offender treatment program, at his own expense, as directed by the probation officer. If deemed necessary, defendant shall submit to an approved, sexual-predator evaluation. Defendant shall abide by all rules, requirements, and conditions of the treatment program, including submission to polygraph and/or plethysmograph examination, at his own expense, to determine if he is in compliance with the conditions of his release. Defendant shall remain in the program until successfully completed, or until such time as defendant is released from the program by the court and/or probation officer.

Defendant is required to submit to a search of his person, property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects, at any time with or without a warrant, conducted by any law enforcement or United States Probation Officer with reasonable suspicion concerning unlawful conduct or a violation of a condition of probation or supervised release. Failure to submit to a search may be grounds for revocation. The defendant shall inform any other residents that the premises may be subject to a search pursuant to this condition.

Defendant shall participate as directed and approved by the probation officer in an evaluation and treatment, if recommended, for narcotic addiction, drug dependence, or alcohol dependence, which includes urinalysis or other drug detection measures, not to exceed 52 tests in a one-year period, as directed by the probation officer, and which may require residence and/or participation in a residential treatment facility. Any participation will require complete abstinence from all alcoholic beverages. Defendant shall pay for the costs associated with substance abuse counseling and/or testing based on a co-pay sliding fee scale approved by the Probation Office. Co-pay shall never exceed the total costs of counseling.

Defendant shall participate in a program of mental health treatment as directed by the probation officer until such time as defendant is released from the program by the probation officer.

Defendant shall provide the probation officer and the Financial Litigation Unit of the United States Attorney's Office with access to any requested financial information. Defendant is advised that the probation office may share financial information with the Financial Litigation Unit.

Defendant shall apply all monies received from income tax refunds, lottery winnings, judgments and/or any other anticipated or unexpected financial gains to the outstanding court ordered financial obligation. Defendant shall immediately notify the probation officer of the receipt of any indicated monies.

AO 245B    (Rev. 03/06) Judgment in a Criminal Case
           Sheet 5 — Criminal Monetary Penalties

|  |  | Judgment — Page 5 of _____ |
|---|---|---|
| DEFENDANT: | CASEY J. CARSON | |
| CASE NUMBER: | 3:06CR30135-001-GPM | |

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| TOTALS | $ 200 | $ 1500 | $ 0 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| TOTALS | $ 0 | $ 0 | |

☐ Restitution amount ordered pursuant to plea agreement   $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☒ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   ☒ the interest requirement is waived for the   ☒ fine   ☐ restitution.

   ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

Judgment—Page 6 of _____

DEFENDANT: CASEY J. CARSON
CASE NUMBER: 3:06CR30135-001-GPM

## ADDITIONAL TERMS FOR CRIMINAL MONETARY PENALTIES

All financial penalties are payable through the Clerk of the District Court, 750 Missouri Ave., E. St. Louis, IL 62201.

AO 245B  (Rev. 03/06) Judgment in a Criminal Case
           Sheet 6 — Schedule of Payments

DEFENDANT:      CASEY J. CARSON                                                   Judgment — Page 7 of ____
CASE NUMBER:    3:06CR30135-001-GPM

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A  ☐  Lump sum payment of $ _____ due immediately, balance due

       ☐  not later than _____ , or
       ☐  in accordance    ☐ C,   ☐ D,   ☐ E, or   ☐ F below; or

B  ☒  Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☒ F below); or

C  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
       _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
       _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a
       term of supervision; or

E  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from
       imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☒  Special instructions regarding the payment of criminal monetary penalties:

       Payments are due immediately, through the Clerk of the Court, but may be paid from prison earnings in compliance with the
       Inmate Financial Responsibility Program. Any financial penalties that remain unpaid at the commencement of the term of
       supervised release shall be paid at the rate of $50 per month, or 10% of defendant's net monthly earnings, whichever is greater.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

   Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount,
   and corresponding payee, if appropriate.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal,
(5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.